IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD WILCOXON )<br><br>        Plaintiff, )<br>                                              )<br>                                              ) C.A. No. 05-00524 - KAJ<br>v. )<br>                                              ) TRIAL BY JURY DEMANDED<br>RED CLAY CONSOLIDATED SCHOOL )<br>DISTRICT BOARD OF EDUCATION )<br>and JANAY FREEBERY, )<br>                                              )<br>        Defendants. | |

### ANSWER AND AFFIRMATIVE DEFENSES

Defendants, by and through the undersigned counsel, hereby answer Plaintiff's Complaint as follows:

1. This paragraph states a legal conclusion as to which no response is required.

2. Upon information and belief, Plaintiff is a Caucasian male. Defendants are without knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding his residence.

3. Admitted.

4. Denied. By way of further answer, it is admitted that Defendant, Janay Freebery, ("Freebery") is a resident of the State of Delaware

5. This paragraph states a legal conclusion as to which no response is required. By way of further answer, it is denied that Plaintiff's rights under the Constitution or laws of the United States, Title VII of the Civil Rights Act of 1964, as amended, or pursuant to any other state, federal, or local law have been or were at any time violated.

6. Admitted.

7. Admitted that during the fall and winter of 2002, Plaintiff taught Physical Education and Health at Skyline Middle School, and at various times he worked with a long-term substitute. It is also admitted that Defendant Freebery returned to employment at Skyline Middle School from maternity leave in early 2003. It is denied that Ms. Freebery was on a sabbatical. Plaintiff's allegations in footnote 1 are denied to the extent that they represent Plaintiff's characterization of the concept of "team-teaching."

8. Admitted that some of the Physical Education and Health classes at Skyline Middle School were jointly taught by Plaintiff and Ms. Freebery.

9. Denied.

10. Admitted that Plaintiff said nothing to Defendant Freebery or anyone else regarding his allegation of her alleged absences at any time during the 2002-2003 school year. Plaintiff's self-serving allegations regarding his alleged motivations are denied. It is also denied that Ms. Freebery was on a sabbatical.

11. It is admitted that Plaintiff and Ms. Freebery jointly taught some classes during the fall of 2003. Admitted that Plaintiff and Ms. Freebery were assigned to the Student Leader Program; each with their own separate group of students.

12. Denied.

13. Denied.

14. Denied. By way of further answer, on one occasion when a guest speaker was scheduled to conduct the class, and with the permission of the Skyline Middle School administration, Ms. Freebery was excused to attend her new child's mommy/baby swim class.

15. Denied.

16. Denied. By way of further answer, Ms. Freebery advised Acting Assistant Principal Frank Rumford that Plaintiff was making inappropriate remarks to her.

17. Denied.

18. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of Plaintiff's allegations concerning his conversations with other individuals as alleged in this paragraph. Otherwise denied.

19. Denied. By way of further answer, it is admitted that on December 15, 2003, Plaintiff Wilcoxon reported off work as ill. Defendants are without information or knowledge sufficient to form a belief as to whether or not Plaintiff was, in fact, ill. By way of further answer, it is admitted that Acting Assistant Principal Rumford together

with substitute for Plaintiff's classes went to the boy's Physical Education office for the purpose of attempting to locate lesson plans, student lists, and/or a bell schedule for the substitute. By way of further answer, Plaintiff, in violation of his duties and responsibilities as a teacher in the school district, failed to have these materials prepared or available. All other allegations of this paragraph are denied.

20. Denied. By way of further answer, it is admitted that Mr. Rumford telephoned Plaintiff at home and informed him that he had gone to the Physical Education office to locate the student lists and other materials as set forth above. By way of further answer, it is admitted that Mr. Rumford advised Plaintiff that Ms. Freebery had become aware of the "journal" Plaintiff was keeping.

21. Denied.

22. Defendants are without information or knowledge sufficient to form a belief as to Plaintiff's actions outside their presence on December 16, 2003. By way of further answer, it is admitted that Plaintiff had discussions with Acting Principal Janet Basara and Assistant Principal Frank Rumford on December 16, 2003. Otherwise, denied.

23. Denied.

24. Denied. By way of further answer, it is admitted that Ms. Filer approached Mr. Rumford and Ms. Basara and requested that her identity not be revealed to Ms. Freebery.

25. Denied.

26.     Denied. By way of further answer, it is admitted that a meeting was held on December 17, 2003. The individuals in attendance were Plaintiff, Ms. Freebery, Mr. Rumford, and Ms. Basara. The meeting was called by Ms. Basara in an effort to determine whether the working relationship between Plaintiff and Ms. Freebery had been irreparably damaged by Plaintiff's actions. By way of further answer, it is admitted that one of the topics of discussion at the meeting was Plaintiff's inappropriate comments to Ms. Freebery. It is specifically denied that Plaintiff denied any and all inappropriate remarks. By way of further answer, Plaintiff admitted making inappropriate comments. He claimed his inappropriate comments were made in jest. By way of further answer, several witnesses heard, on more than one occasion, Plaintiff refer to Ms. Freebery as "the closest thing to a wife and bitch" he had. Other witnesses heard Plaintiff taunt Ms. Freebery with false accusations that her boyfriend had gotten her pregnant.

27.     Denied.

28.     Admitted that Paragraph 28 of the Complaint properly recites a portion of Article 4:4.1 of the Collective Bargaining Agreement. By way of further answer, it is denied that this paragraph means that the Principal must give a teacher forty-eight (48) hours notice before speaking with a teacher. The additional language of Article 4:4.1 is continued as follows:

> Informal discussion with an employee by any member of the administrative staff pertaining to the employee's performance at his/her work location will not be precluded by the preceding language of this section; however, if as a result of such informal discussion, the employee perceives that the matter discussed could in the future adversely affect his/her continued employment, salary or increments, the administrator will, upon written request, give the employee reasons in writing for the necessity of waiving the forty-eight (48) hours' written notice prescribed

above. This section does not apply to terminations due to declining enrollments and/or to a reduction in education services.

29. Denied. By way of further answer, see response to Paragraph 28.

30. Denied.

31. Denied. By way of further answer as set forth above in Paragraph 26, Plaintiff made comments to a number of individuals that Ms. Freebery was "the closest thing to a wife and bitch" he had. In addition, in the presence of several witnesses, Plaintiff taunted Ms. Freebery with false accusations that her boyfriend had gotten her pregnant. Plaintiff also directly stated to Ms. Freebery's then boyfriend, now husband, words to the effect that he was congratulating him on being a "daddy." Plaintiff repeated his inappropriate comments to Ms. Freebery's then boyfriend, now husband, that Ms. Freebery was pregnant by him when in fact she was not pregnant at all. Plaintiff Wilcoxon also made other inappropriate remarks to Ms. Freebery including questions directed to her about her sex life.

32. Denied.

33. Denied. By way of further answer, it is admitted that on or about January 22, 2004, Acting Principal Basara held a meeting with Plaintiff and Acting Assistant Principal Rumford.

34. Denied. By way of further answer, it is admitted that a meeting was held on January 22, 2004, and that Mr. Bartoli was in attendance.

35. Denied. By way of further answer, it is admitted that a letter in the form attached hereto as Exhibit A was given to Plaintiff. It is further admitted that Plaintiff was given letters in the forms attached hereto as Exhibits B and C, regarding his failure to prepare to lesson plans, and his failure to attend to his duties.

36. Denied. By way of further answer, it is admitted Plaintiff received the letter attached hereto as Exhibit B. By way of further answer, Plaintiff had not prepared emergency lesson plans in direct contravention of his obligations as a teacher.

37. Denied. By way of further answer, Plaintiff received the letter attached hereto as Exhibit C.

38. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph. They are therefore denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied. By way of further answer, it is admitted that Plaintiff contacted Anthony Orga, Director of Secondary Education, and that a meeting took place with Mr. Orga on or about February 25, 2004.

44. Denied.

45. Denied.

46. Denied. By way of further answer, it is admitted that Plaintiff filed a Charge of Discrimination with the Delaware Department of Labor on or about February 24, 2004.

47. Admitted.

48. Denied. By way of further answer, it is admitted that Ms. Basara conducted a classroom observation of Plaintiff. Plaintiff's characterizations in the footnote to this paragraph are his self-serving statements of the purposes of an observation and are therefore denied. By way of further answer, whether announced and unannounced, classroom observations of teachers are routinely performed in the Red Clay School District as well as other school districts throughout the state and nation.

49. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph. By way of further answer, it is specifically denied that Ms. Basara had animus towards Plaintiff.

50. Denied. By way of further answer, it is admitted that Plaintiff contacted Mr. Orga at some point after the observation.

51. Admitted that the evaluation was negative. By way of further answer, Plaintiff failed to perform adequately as set forth in the evaluation. Otherwise denied.

52. Denied.

53. Denied.

54. Denied. By way of further answer, it is admitted that Plaintiff wrote a letter to Mr. Orga and that Mr. Orga responded in writing thereto.

55. Denied. By way of further answer, it is admitted that a meeting was held on or about May 5, 2004.

56. Admitted that Plaintiff received a memo attached hereto as Exhibit D. Otherwise denied. By way of further answer, Plaintiff received funds from students who collected donations for an American Heart Association event – "Hoops for Heart." Rather than securing the funds, Plaintiff left them in plain view and they were subsequently stolen.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning Plaintiff's contact with his union representatives. By way of further answer, it is admitted that Plaintiff received a memo attached hereto as Exhibit E which speaks for itself. By way of further answer, Ms. Basara requested Plaintiff to provide her with copies of his lesson plans, because her observation of his classroom teaching showed that he was not adequately performing.

62. Denied.

63. Defendants are without information or knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in this paragraph. By way of further answer, see response to Paragraph 61.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied. By way of further answer, it is admitted that on or about May 14, 2004, Plaintiff was informed that his contract would not be renewed. Plaintiff also received a certified mail notification of his termination in accordance with Delaware law.

70. Denied

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Admitted that Plaintiff filed a second Charge of Discrimination with the Delaware Department of Labor. The allegations of the charge are denied.

76. Denied. By way of further answer, Plaintiff received a performance appraisal which speaks for itself.

77. Denied. By way of further answer, it is admitted that Plaintiff received a Right to Sue notice which speaks for itself.

78. Denied.

## COUNT I
## GENDER DISCRIMINATION
*(Against the Defendant Red Clay Consolidated School District)*

79. Defendants repeat and re-allege the allegations of Paragraphs 1 through 78 as if they were fully set forth herein.

80. Denied. By way of further answer, this paragraph states a legal conclusion as to which no response is required. In addition, the allegation is vague because it fails to identify the individuals Plaintiff claims are "district representatives."

81. Denied.

82. Denied.

## COUNT II
## RETALIATION
*(Against the Defendant Red Clay Consolidated School District)*

83. Defendants repeat and re-allege the allegations of Paragraphs 1 through 82 as if fully set forth herein.

84. Denied.

85. Denied.

## COUNT III
## VIOLATION OF CIVIL RIGHTS (FIRST AMENDMENT)
*(Against the Defendant Red Clay Consolidated School District)*

86. Defendants repeat and re-allege the allegations of Paragraphs 1 though 85 as if fully set forth herein.

87. Denied.

88. Denied.

## COUNT IV
## WRONGFUL TERMINATION
*(Against the Defendant Red Clay Consolidated School District)*

89. Defendants repeat and re-allege the allegations of Paragraphs 1 through 88 as if fully set forth herein.

90. Denied.

91. Denied.

## COUNT V
## BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING
*(Against the Defendant Red Clay Consolidated School District)*

92. Defendants repeat and re-allege the allegations of Paragraphs 1 through 91 as if fully set forth herein.

93. Denied.

94. Denied.

## COUNT VI
## DEFAMATION
*(Against the Defendant Janay Freebery)*

95. Defendants repeat and re-allege the allegations of Paragraphs 1 through 94 as if fully set forth herein.

96. Denied.

97. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to exhaust administrative remedies and/or other applicable federal or state statutes of limitation, jurisdictional and/or administrative requirements.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail in whole or in part because at all times Defendants made a good faith effort to comply with applicable law, acted lawfully and with legitimate non-discriminatory business reasons that were not a pretext for unlawful discrimination.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by his failure to mitigate damages.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has waived or is estopped from asserting his claims.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint may be denied in whole or in part with the doctrine of after-acquired evidence.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's defamation claim against the individual Defendant Freebery is barred by qualified or absolute privilege.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's defamation claim against the individual Defendant Freebery is barred as a matter of law by public policy and the conditional privilege to report workplace misconduct prohibited by statute.

### NINTH AFFIRMATIVE DEFENSE

Defendant Red Clay Consolidated School District would have made the same decisions and taken the same actions toward Plaintiff absent any alleged consideration of any allegedly impermissible motivating factor.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant Red Clay Consolidated School District had in effect at all relevant times a procedure for employees to address claims of harassment or other discriminatory or retaliatory treatment, and Defendant Red Clay Consolidated School District exercised reasonable care to prevent and properly correct any discriminatory or retaliatory treatment, but Plaintiff unreasonably failed to take advantage of these preventative and corrective opportunities or to avoid harm otherwise.

WHEREFORE, Defendants respectfully requests that this action be dismissed with prejudice, with costs and attorneys' fees assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/

Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6666; (302) 576-3345
Email: bwilloughby@ycst.com; mstafford@ycst.com
Attorneys for Defendants

Dated: September 15, 2005

CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2005, I electronically filed a true and correct copy of the foregoing Answer and Affirmative Defenses, with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Jeffrey K. Martin, Esquire
Timothy Wilson, Esquire
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19801

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Barry M. Willoughby, Esquire (No. 1016)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6666
Email: bwilloughby@ycst.com
Attorneys for Defendants

Dated: September 15, 2005