## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| RICHARD WILCOXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No.05-524 (SLR) |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| RED CLAY CONSOLIDATED | ) | |
| SCHOOL DISTRICT BOARD OF | ) | |
| EDUCATION, and JANAY FREEBERY, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

This           day of                    , 2006, the parties having satisfied their

obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial

scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**  The parties have exchanged by **December**

**13, 2005**, the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Discovery.**

(a)    Discovery will be needed on the following subjects: *(brief*

*description of subject on which discovery will be needed)*.

(i)    **Plaintiff's Statement.**

(A)    Defendant Janay Freebery's conduct and actions

during school hours;

(B)    Plaintiff's personnel file, evaluations, disciplinary

actions taken against him and other similar personnel information;

(C)    Interactions between Defendant Janay Freebery and

Plaintiff;

(D)    Interactions between Defendant Red Clay

Consolidated School District Board of Education ("Red Clay") employees and Plaintiff;

(E)    Defendant Red Clay's employees disciplinary and

other adverse or negative actions taken against Plaintiff;

(F)    Information and records from disciplinary meetings

between Defendant Red Clay's employees, Defendant Janay Freebery and Plaintiff;

(G)    Information concerning Red Clay's female

employees who are/were similarly situated to Plaintiff. Specifically whether they

engaged in any conduct similar to that which Plaintiff was disciplined and for which such

female employees were not similarly or as severely disciplined;

(H)    Responses, if any, of Defendant Red Clay or its

employees to work-place complaints made by Plaintiff;

(I)    Work place complaints made by other employees of

Defendant Red Clay;

(J)    Information concerning sexual harassment or other

claims made by Defendant Red Clay employees or Defendant Janay Freebery against

Plaintiff;

(K)    Observations or evaluations made of Defendant

Janay Freebery and other similarly situated female employees of Defendant Red Clay.

**(ii)    Defendants' Statement.**

(A)    Facts and circumstances surrounding Plaintiff's hiring, performance, position, and responsibilities;

(B)    Facts and circumstances surrounding Plaintiff's knowledge of Defendant's sexual harassment policies;

(C)    Facts and circumstances regarding the relationship between Plaintiff and defendant Janay Freebery, including any comments regarding defendant Freebery made by Plaintiff;

(D)    Facts and circumstances surrounding the "journal" Plaintiff kept regarding defendant Freebery;

(E)    Facts and circumstances surrounding Plaintiff's alleged damages and failure to mitigate his damages;

(F)    Facts and circumstances showing Defendant made a good faith effort to comply with applicable law, acted lawfully, and with legitimate, non-discriminatory business reasons that were not a pretext for discrimination;

(G)    Facts and circumstances surrounding all disciplinary action taken against, or reprimands given to, the Plaintiff;

(H)    Facts and circumstances concerning Plaintiff's educational and employment background;

(I)    Facts and circumstances surrounding the allegations in the Complaint, Answer, and Affirmative Defenses, filed in this action;

(J)    Facts and circumstances surrounding all disciplinary action taken against, or reprimands given to, the Plaintiff;

           (K)     Facts and circumstances surrounding the decision not to renew Plaintiff's employment contract; and

           (L)     All subjects listed in Plaintiff's Statement above.

    (b)     All discovery shall be commenced in time to be completed by **May 31, 2006**.

    (c)     Maximum of 25 interrogatories by each party to any other party.

    (d)     Maximum of 25 requests for admission by each party to any other party.

    (e)     Maximum of **10** depositions by plaintiff and **10** by defendant.

    (f)     Each deposition, limited to a maximum of **7 hours** unless extended by agreement of parties, except that each party shall designate one witness who may be deposed for a maximum of **14 hours**.

    (g)     Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **April 30, 2006**. Rebuttal expert reports due by **May 31, 2006**.

    (h)     **Discovery Disputes.**  Any discovery dispute shall be submitted to the court  pursuant to Fed. R. Civ. P. 37.  During the course of discovery, each party is limited to two (2) Rule 37 motions.  The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3.      **Joinder of other Parties, Amendment of Pleadings, and Class Certification.**  All motion to join other parties, amend the pleadings, and certify a class action shall be filed on or before **January 31, 2006**.

4.      **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring the possibility of a Exploring ADR.

5.      **Summary Judgment Motions.**  All summary judgment motions shall be served and filed with an opening brief on or before **July 1, 2006**.  Briefing shall be pursuant to D. Del. LR 7.1.2.  No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6.      **Applications by Motion.**  Any application to the court shall be by written motion filed with the clerk.  Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to changers.  **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7.      **Motions in Limine.**  All motions in limine shall be filed on or before **September 27, 2006.**  All responses to said motions shall be filed on or before **October 4, 2006.**

8.      **Pretrial Conference.**  A pretrial conference will be held on **October 11, 2006** at 4:30 p.m. in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9.      **Trial.**  This matter is scheduled for a **four-day jury** trial commencing on **October 23, 2006** in Courtroom 6B, Sixth Floor Federal Building, 844 King Street,

Wilmington, Delaware.   For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.


_____
Judge Sue L. Robinson