IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RICHARD WILCOXON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-00524 - SLR |
| v. | ) | |
| | ) | TRIAL BY JURY DEMANDED |
| RED CLAY CONSOLIDATED SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION and JANAY FREEBERY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## APPENDIX TO DEFENDANTS' OPENING BRIEF
## IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Barry M. Willoughby, Esquire (No. 1016)
Michael P. Stafford, Esquire (No. 4461)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
Telephone: (302) 571-6666; 6553
Facsimile: (302) 576-3345; 3470
Email: bwilloughby@ycst.com; mstafford@ycst.com

Dated: July 12, 2006

TABLE OF CONTENTS

University of Delaware Cooperating Teacher Report
(Fall 1997)...................................................................................................A1

Lake Forest Performance Appraisal dated April 27, 2001 ....................................A4

Red Clay Application for Employment dated July 3, 2001 ...................................A8

Wilcoxon letter and resume to Davenport dated March 8, 2002 ........................A12

Lake Forest Individual Improvement Plan dated March 27, 2002 .....................A15

Garey letter to Wilcoxon re: Termination received May 13, 2002.....................A17

Taschner letter to Garey re: Termination dated May 16, 2002...........................A18

Garey letter to Wilcoxon re: Rehiring dated June 7, 2002 .................................A19

Excerpts from the Red Clay School District Agreement
dated September 1, 2002 through August 31, 2005.............................................A20

Rumford Lesson Plan Book..............................................................................A28

Wilcoxon Lesson Analysis dated November 19, 2003........................................A95

Wilcoxon Log on Freebery ...............................................................................A98

Wilcoxon email to Freebery dated December 15, 2003 ....................................A102

Calendar Chart and Substitute Services Printout
for January 2004 ..............................................................................................A103

Mark Wingel, M.D. receipt dated January 22, 2004.........................................A105

Happy Harry's Receipt dated January 22, 2004 ...............................................A106

Wilcoxon Written Reprimand re: Substitute Plans
dated January 22, 2004 ....................................................................................A107

Wilcoxon Written Reprimand re: Bus Sign Up
dated January 22, 2004 ....................................................................................A110

Wilcoxon Written Reprimand re: December 17, 2003 Meeting
dated January 22, 2004 ....................................................................................A111

Wilcoxon/Norton Emails dated January 23, 2004 ............................................A112

i

Wilcoxon Lesson Analysis dated February 12, 2004 .......................................A115

Charge of Discrimination dated February 24, 2004..........................................A118

Basara March 9, 2004 memo to Norton...............................................................A119

Wilcoxon Revised Written Reprimand dated March 8, 2004............................A120

Wilcoxon Grievance Documents ..........................................................................A121

Wilcoxon Lesson Analysis dated April 21, 2004 ...............................................A126

Wilcoxon memo to Basara re: Post-Observation Meeting
dated April 26, 2004 ...............................................................................................A132

Wilcoxon Written Reprimand re: Lack of Security
dated May 5, 2004...................................................................................................A133

Wilcoxon Written Reprimand re: Lesson Plans
dated May 11, 2004.................................................................................................A135

Wilcoxon Grievance Documents re: Lesson Plan Reprimand...........................A136

Red Clay Staffing Report dated May 12, 2004 ...................................................A141

Davenport termination letter to Wilcoxon
dated May 14, 2004.................................................................................................A150

Wilcoxon Response to April 21, 2004 Observation
dated May 20, 2004.................................................................................................A151

Wilcoxon memo to Basara re: Response to Observation
dated May 21, 2004.................................................................................................A153

Dunmon letter to Wilcoxon re: Reasons for Termination
dated June 1, 2004...................................................................................................A154

Charge of Discrimination dated June 9, 2004......................................................A155

Wilcoxon Performance Appraisal dated June 10, 2004......................................A156

Marilyn Sweeney email to Wilcoxon dated June 28, 2004 ...............................A159

Non-Renewal Hearing Decision dated July 28, 2004.........................................A160

Excerpts from the Deposition Transcript of Richard Wilcoxon
dated May 4, 2006...................................................................................................A161

DB02:5422499.1    061778 1003

Excerpts from the Deposition Transcript of Janet Basara
dated May 25, 2006..........................................................................................A238

Excerpts from the Deposition Transcript of Frank Rumford
dated May 25, 2006..........................................................................................A287

Excerpts from the Deposition Transcript of Janay Freebery
dated May 25, 2006..........................................................................................A298

Verification of Sean M. Furilla dated June 26, 2006..........................................A326

Verification of Cynthia A. Falgowski dated July 11, 2006 .............................A328

Verification of Diane L. Dunmon dated July 12, 2006......................................A331

061778 1003

Semester:   *Fall, 1997*

## UNIVERSITY OF DELAWARE
## COOPERATING TEACHER REPORT
### HEALTH AND PHYSICAL EDUCATION

STUDENT TEACHER *Richard Wilcoxon*    IDENTIFICATION NO.   *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*

SCHOOL:   *Leasure Elementary School*    SUBJECT(S) *Elementary Physical Education*

COOPERATING TEACHER *Sara A. Cairns*

HOURS: PHYSICAL EDUCATION 157  HEALTH 0    OBSERVATION 96   TOTAL 253

FINAL RECOMMENDATION: (See narrative evaluation on third page for supporting comments.)

- □   Not recommended at this time
- □   Recommend provisionally
- X   Recommend for a teaching position
- □   Highly recommend for a teaching position

*The checklist that follows reflects demonstrated performance in personal/professional skills for a seven-week internship in either an elementary or secondary school. The "final recommendation" section at the end measures the student teacher's knowledge, skills, and behavior at the level necessary for a first-year teacher and is not necessarily the quantitative average of checklist scores.)*

### Checklist Evaluation Scale:

1 - demonstrates some competence, but more improvement needed
2 - demonstrates competence most of the time
3 - demonstrates competent consistently
4 - consistently demonstrates competence independently; outstanding performance

**1.   PLANNING/PREPARATION SKILLS:**

| | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| Defines objectives in measurable terms | ○ | ● | ○ | ○ |
| Plans appropriate lessons to accomplish objectives | ○ | ● | ○ | ○ |
| Writes and submits unit/lesson plans in advance of teaching | ○ | ○ | ● | ○ |
| Prepares materials and equipment in advance of teaching lessons | ○ | ○ | ○ | ● |
| Manages time and work efficiently | ○ | ○ | ● | ○ |
| Uses appropriate progressions in teaching activities | ○ | ● | ○ | ○ |
| Provides proper sequencing of lessons | ○ | ● | ○ | ○ |
| Plans for maximum academic learning time | ○ | ● | ○ | ○ |

**2.   ORGANIZATION/MANAGEMENT SKILLS:**

| | 1 | 2 | 3 | 4 |
|---|---|---|---|---|
| Arranges instructional area effectively | ○ | ● | ○ | ○ |
| Establishes procedures for a positive learning atmosphere | ○ | ○ | ● | ○ |
| Uses instructional time efficiently | ○ | ● | ○ | ○ |
| Implements appropriate disciplinary strategies | ○ | ○ | ● | ○ |
| Anticipates and prevents problems | ○ | ○ | ● | ○ |
| Maintains on task behavior | ○ | ● | ○ | ○ |
| Demonstrates an awareness of entire class | ○ | ● | ○ | ○ |
| Implements effective transitions from one activity to another | ○ | ● | ○ | ○ |



DEPOSITION EXHIBIT
Wilcoxon 38
9/7 5/4/06

Margolis Edelstein
Wilcoxon v. Red Clay
0584

A1

Name  Richard Wilcoxon       School  Leasure Elementary

**3. INSTRUCTIONAL SKILLS:**

|  | 1 2 3 4 |
|---|---|
| Demonstrates competence in a variety of teaching methods | ○ ● ○ ○ |
| Selects appropriate teaching methods to accomplish objectives | ○ ● ○ ○ |
| Demonstrates sufficient knowledge of subject matter | ○ ○ ● ○ |
| Uses available equipment, instructional media and materials | ○ ○ ○ ● |
| Knowledgeable of characteristics, needs, and interests of students | ○ ○ ● ○ |
| Recognizes and provides opportunities for student differences | ○ ○ ● ○ |
| Maintains appropriate pace for learning | ○ ● ○ ○ |
| Accomplishes stated objectives | ○ ● ○ ○ |

**4. STUDENT INTERACTION SKILLS:**

|  | 1 2 3 4 |
|---|---|
| Demonstrates fairness regardless of ethnicity or gender | ○ ○ ● ○ |
| Provides clear, concise directions and explanations | ○ ○ ○ ● |
| Checks for student comprehension | ○ ● ○ ○ |
| Utilizes positive techniques to reinforce appropriate behavior | ○ ○ ● ○ |
| Responds to students' comments in a sensitive manner | ○ ○ ● ○ |
| Uses effective questioning techniques | ○ ○ ● ○ |
| Writes clearly, using correct grammar, punctuation, and spelling | ○ ● ○ ○ |
| Speaks clearly, using correct grammar | ○ ○ ● ○ |

**5. MONITORING AND EVALUATION SKILLS:**

|  | 1 2 3 4 |
|---|---|
| Utilizes effective assessment techniques | ○ ○ ● ○ |
| Maintains accurate records | ○ ○ ● ○ |
| Provides prompt and constructive feedback | ○ ○ ● ○ |
| Analyzes student learning and adjusts teaching appropriately | ○ ○ ● ○ |

**6. PERSONAL SKILLS:**

|  | 1 2 3 4 |
|---|---|
| Exhibits responsible behavior consistently | ○ ○ ● ○ |
| Demonstrates punctuality consistently | ○ ○ ● ○ |
| Works consistently to improve | ○ ○ ○ ● |
| Reacts positively to constructive criticism | ○ ○ ○ ● |
| Implements suggestions in future lessons | ○ ● ○ ○ |
| Presents self professionally | ○ ○ ○ ● |
| Demonstrates initiative consistently | ○ ○ ● ○ |
| Follows through on plans and projects | ○ ● ○ ○ |
| Demonstrates ability to objectively evaluate self | ○ ○ ○ ● |
| Displays physical vigor | ○ ○ ● ○ |
| Uses sense of humor | ○ ○ ○ ● |
| Meets deadlines promptly | ○ ○ ○ ● |

**7. PROFESSIONAL RESPONSIBILITIES:**

|  | 1 2 3 4 |
|---|---|
| Complies with school policy | ○ ○ ○ ● |
| Works cooperatively with staff | ○ ○ ○ ● |
| Participates in faculty and staff activities | ○ ○ ○ ● |
| Attends faculty meetings | ○ ○ ○ ● |

*Richard Wilcoxon*
Signature of Student Teacher

*Oct 17, 1997*
Date

*SA Cairns*
Cooperating Teacher

*R. M.___*
University Supervisor

*Linda Schmude*
Principal

Margolis Edelstein
Wilcoxon v. Red Clay
0565

A2

Richard Wilcoxon taught grades one through four (Leasure Elementary School). Richard had the opportunity to teach physical education classes, observe classroom behaviors, monitor fire and civil defense drills, supervise bus loading and unloading, teach and test adaptive physical education students, and write daily unit lesson plans.

The average physical education class was heterogeneously grouped and contained 30 students. Some fourth grade classes contained 34 students. Richard also taught T.A.M. (Teaching According to Mastery) classes containing 15 identified and 20 non-identified children.

Richard's teaching style was direct, large group instruction. He instructed some small group activities and taught one-to-one in the adapted physical education program. Richard also did some team teaching with his co-op.

Richard used the record player to teach listening skills and to enhance his lessons. Richard came to school one day in August to assist his co-op in decorating the gym and giving out equipment to the classes. Richard learned the names of many students. He developed a good working relationship with the school personnel. Richard attended school orientation meetings, enrichment team meetings, faculty meetings, staff breakfasts, and computer seminars. He attended the Fall Open House one evening.

Three areas of difficulties surfaced during Richard's student teaching: (1) difficulty in writing a detailed lesson plan; (2) difficulty giving clear, concise explanations and directions and (3) difficulty achieving effective transitions from one activity to another. This lack in detail in writing and speaking interfered with the lesson pacing, children's time on task and maximum learning time.

Richard acknowledged these concern areas and has been working to correct them. I have observed improvement in the above mentioned areas the past two weeks.

Richard had minimal discipline problems. He used the assertive discipline method. He anticipated and prevented problems. He learned to watch the total class while working with individuals. He removed students from the activity when necessary. Using these techniques contributed to his successful class control.

Richard's outstanding personal characteristics are: good health; appropriate appearance; sense of humor; confidence; and a positive attitude. His professional competencies include: commitment to teaching; sense of fairness; adequate background experience and the ability to accept constructive criticism.

I recommend Richard Wilcoxon for and elementary teaching position.

Margolis Edelstein
Wilcoxon v. Red Clay
0566

A3

<u>PERFORMANCE APPRAISAL</u>

Teacher  <u>Richard Wilcoxon</u>   Dates of Observation  <u>10/6/00, 1/12/01, 3/26/01</u>

Subject Area  <u>Health Education</u>    Grade(s) <u>6, 7, 8</u>

Appraiser(s)___ <u>David W. Santore, W. T. Chipman Middle School</u>

## I. INSTRUCTIONAL PLANNING

Exemplary ___  Effective _X_  Needs Improvement ___  Unsatisfactory ___

NARRATIVE:

The plans provided for a variety of activities using visual, auditory, and tactile modes. (10/6/00, 1/12/01, 3/26/01)

The plan book was complete. (10/6/00, 1/12/01, 3/26/01)  The entries for 10/6 and 3/26, however, were one or two word entries.

The plans were in accordance with the National Health Standards. (10/6/00, 1/12/01, 3/26/01)

## II. ORGANIZATION AND MANAGEMENT OF CLASSROOM

Exemplary _____  Effective _X_  Needs Improvement ___ Unsatisfactory _____

NARRATIVE:

The teacher "floats," and utilizes other classrooms. (10/6/00, 1/12/01, 3/26/01)

The teacher was mobile to monitor student progress. (10/6/00, 1/12/01, 3/26/01)



DEPOSITION EXHIBIT
Wilcoxon 13
Exp 5/4/06
PENGAD 800-631-6989

Margolis Edelstein
Wilcoxon v. Red Clay
0410

A4

## III. INSTRUCTIONAL STRATEGIES

Exemplary ___ Effective _X___ Needs Improvement___ Unsatisfactory_____

**NARRATIVE:**

The teacher used praise to reinforce correct responses. (10/6/00, 3/26/01)

The teacher utilized an enjoyable review game to prepare for a test. (3/26/01)

The teacher called on both volunteers and non- volunteers. (10/6/00, 1/12/01, 3/26/01)

The teacher utilized a warm up activity to focus the students immediately upon entering the classroom.  (1/12/01, 3/26/01)

## IV. TEACHER/STUDENT INTERACTION

Exemplary ____ Effective _X___ Needs Improvement ___ Unsatisfactory _____

**NARRATIVE:**

The teacher effectively used various forms of praise.  (10/6/00, 3/26/01)

The teacher called on students by name. (10/6/00, 1/12/01, 3/26/01)

The teacher was mobile throughout the class period. (10/6/00, 1/12/01, 3/26/01)

## V. EVALUATION OF STUDENT PERFORMANCE

Exemplary ___ Effective _X___ Needs Improvement ___ Unsatisfactory _____

**NARRATIVE:**

The teacher had a sufficient number of grades at the time of the observations, and the grades were for a variety of assignments.  (10/6/00, 1/12/01, 3/26/01)

The teacher was mobile to check for student progress. (10/6/00, 1/12/01, 3/26/01)

Margolis Edelstein
Wilcoxon v. Red Clay
0411

A5

## VI. RELATED RESPONSIBILITIES

Exemplary _X__ Effective ____ Needs Improvement ____ Unsatisfactory ___

### NARRATIVE:

The teacher performed all extra duties in a timely, professional, and effective manner

The teacher was involved in the following activities during this observation period:

- ❖ Volunteer Football Coach
- ❖ Liaison Committee
- ❖ Co-organizer/Sponsor of Chess club
- ❖ Dance Chaperone
- ❖ Participated in three graduate level courses

Margolis Edelstein
Wilcoxon v. Red Clay
0412

A6

## COMMENDATIONS/RECOMMENDED AREAS FOR GROWTH/COMMENTS:

### COMMENDATIONS

Thank you for teaching the National Health Education Standards. (Section II)

Calling on both volunteers and non-volunteers aids to keep the students focused as well as promotes participation from a greater number of students. (Sections III, IV)

Your use of mobility is an excellent way to monitor student progress. (Sections III, IV)

Thank you for being flexible enough to move from class to class and still give a quality educational experience. (Section II)

### RECOMMENDATIONS

Make certain your plans are detailed and well developed. One or two-word entries in your plan book is unacceptable.

**Rich, thank you for giving our students a quality educational experience this year.**

The teacher and appraiser shall sign the Performance Appraisal to indicate that it has been reviewed and discussed, not that the teacher necessarily agrees with the appraisal. Further, the teacher may submit additional information on a TEACHER/SPECIALIST APPRAISAL RESPONSE FORM, within fifteen (15) working days of the teacher's signature on this Performance Appraisal. Place an (x) in the space below to indicate your desire to submit additional information and to receive a Teacher/Specialist Appraisal Response Form. The Teacher/Specialist Response Form shall be appended to this Performance Appraisal and shall become part of the appraisal record.

Teacher's Signature/Date                    Appraiser's Signature/Date

_____                    _____ 4/27/01

_____ Additional information will be submitted by the specialist within fifteen (15) Working days on a Teacher/Specialist Appraisal Response Form.

Margolis Edelstein
Wilcoxon v. Red Clay
0413

A7

**Red Clay Consolidated School District**

Wilmington, Delaware

Rev 6/00

R.C.C.S.D.
PERSONNEL SERVICES
Date _7/5/01_

01 JUL 19 PH 12: 48

# APPLICATION FOR EMPLOYMENT — CERTIFICATED

## 1. PERSONAL INFORMATION

NAME _Wilcoxon_   _Richard_   _Todd_   SS# _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_
Last        First        Middle

PRESENT ADDRESS: _____
Street

_____
City                          State          Zip

UNTIL _____  TELEPHONE ( )_____

PERMANENT ADDRESS _24 Fairway    E_____
Street

_Georgetown_    _DE_    _19947_   TELEPHONE (_302_) _856-4486_
City          State       Zip

Date available for employment _July 1, 2001_

## 2. POSITION FOR WHICH YOU ARE APPLYING

(For instructional and administrative positions, the Red Clay Consolidated School District employs only personnel who are eligible to hold appropriate Delaware certification.)

### A. TEACHING & OTHER PROFESSIONAL SCHOOL RELATED POSITIONS

☐ Kindergarten   ☐ Primary K-4          ☐ High School 9-12 (list area or areas)

☐ Elementary Middle Level 6-8            _____

☐ Middle School 6-8 (list area or areas) _____

_____          _____

_____          ☐ Speech/Hearing

☐ Special Education _____      ☐ Psychologist

☑ Phys Ed Health                          ☐ Other _____

☐ Art

☐ Music                                   _____

☐ Librarian Media Specialist             _____

☐ Counselor (Area) _____       _____

☐ Nurse                                   _____

### B. ADMINISTRATIVE POSITIONS                ☐ Other _____

☐ School Administration (specify)        _____

_____          _____

☐ Central Administration (specify)       _____

_____

C00003          *AN EQUAL OPPORTUNITY / AFFIRMATIVE ACTION EMPLOYER*

**Effective July 1, 1994, a criminal background clearance is required prior to employment with Red Clay Consolidated School District.**

A8

## EDUCATIONAL PREPARATION

| College or University | Address | Dates Attended from | to | Degree Conferred |
|---|---|---|---|---|
| University of Delaware | Newark, DE | 1/96 | 1/98 | B.S. Health ¿ Physical Ed. |
| University of Delaware | Newark, DE | 9/91 | 12/95 | B.S Ag-Business Management |
| | | | | |

Student Teaching Experience: St. Mark's H.S. Leasure Elementary School     Assignment: Health/PE, P.E.     Dates: 10/20/97-12/1/9, 8/26/97-10/17/9

## TEACHING EXPERIENCE

Starting with your present position, list all teaching positions for which you have been employed

| School | City and State | Grade or Subjects | Full or PT | Dates from | to |
|---|---|---|---|---|---|
| W.T. Chipman Middle School Lake Forest School District | 101 West Center St. Harrington, DE 19952 | 6, 7, 8th Grade Health | Full | 8/99 | Present |
| Substitute Teacher York County, VA | Yorktown, VA 23692 | All | Part | 7/98 | 6/99 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## NON-TEACHING EXPERIENCE

| Position/Type of Employment | Name and Address of Firm or Organization | Name of Supervisor | Dates from | to |
|---|---|---|---|---|
| School-Based Counselor | Avalon P.O. Box 1079 Williamsburg, VA 23187 | Joy Sailer | 2/99 | 7/99 |
| Summer Fun Counselor | Parks ¿ Recreation Yorktown, VA 23692 | Molly Negler | Summers 6/98 | 8/99 |
| | | | | |

Do you hold a valid State of Delaware teaching certificate?    Yes ☑    No ☐    If yes, indicate field(s): Comprehensive P.E. ¿ Health Education

*PLEASE ATTACH A COPY OF ALL CERTIFICATES HELD AND A COPY OF THE RESULTS OF THE PRE-PROFESSIONAL SKILLS TEST.*

C00004

A9

Write a brief statement adding any information that will assist us in evaluating your qualifications.

I have had the opportunity to work both as a substitute and as a full time teacher. My greatest strength is my ability to create a report with the students. In addition to working with students in the classroom setting, I am a certified basketball official, I have volunteered as a co-advisor to the chess club, I have worked as an assistant football coach, and I have coordinated an intramural sports program.

## SCHOOL ACTIVITIES AND OTHER INTERESTS

Check below those school activities in which you are interested and which you are qualified to coach or direct.

**ATHLETICS**

| | |
|---|---|
| _____ Baseball | ✓ Soccer |
| _____ Basketball | _____ Swimming |
| _____ Cross Country | _____ Tennis |
| ✓ Football | _____ Track |
| _____ Golf | _____ Wrestling |
| ✓ Intramurals | _____ Other |

**OTHER ACTIVITIES**

| |
|---|
| ✓ Club Sponsor |
| _____ Debate |
| _____ Dramatics |
| _____ Newspaper |
| _____ Yearbook |
| _____ Other _____ |

List experience in athletics or other activities checked above

A. Participant  I played Football, Basketball, & soccer both as intramurals & as H.S. sports

B. Coach  Assistant Football Coach, Coordinator of Intramural sports

C. Other Activities  Sponsor of the chess club

A10

## REFERENCES

Please list persons whom we may contact for information concerning your professional preparation and competence  Do not list relatives or persons who know you only as a friend or who can evaluate only your personality and character  List your classroom cooperating teacher if your student teaching was done within the last three years
Complete mailing address must be included.

| Name | Position | Complete Mailing Address | Tel No |
|------|----------|--------------------------|--------|
| Dave Santore | Principal | 101 West Center Street Harrington, DE 19952 | (302) 398-8197 |
| Tony Glenn | Cooperating Teacher | | (302) 234-2153 |
| Joe Gleason | Ass't Principal | 101 West Center Street Harrington, DE 19952 | (302) 398-9197 |
| Joy Sailer | Director | P.O. Box 1079 Williamsburg, VA 23187 | (757) 258-5022 |

## PERSONAL DATA

Have you ever been dismissed, asked to resign, or refused employment  Yes ☐   No ☑  If  Yes ' please explain _____

Are you now employed?    Yes ☑   No ☐  If YES  may we contact your present employer?   Yes ☑  No ☐

Have you ever been convicted of a crime?    Yes ☐   No ☑  If YES  please attach explanation (do not include minor traffic violation)
To your knowledge is there any reason why you can  perform the essential functions of the position for which you have applied?   Yes ☐   No ☑  If  Yes ' please explain _____

Veteran of Military Service?   No ☑   Yes ☐   If  Yes , complete section below:

| Branch | | Active Duty Dates | | Duties |
|--------|------|------|------|--------|
| | From | To | | |
| | Mo. | Yr | Mo. | Yr. |

## A NOTE TO ALL APPLICANTS

It is the responsibility of the Applicant to forward an official transcript of his or her college record, credentials and evidence of certification directly to the Office of Personnel Services  Applications will be considered complete only when all transcripts  credentials  certificates etc have been received in the Office of Personnel Services  Only completed applications will be considered
The Red Clay Consolidated School District, an Equal Opportunity  Affirmative Action Employer, is always seeking applications from qualified persons  An application remains active for one year from the date of receipt of the complete application. An application may be kept active beyond that date upon written request from the applicant accompanied by appropriate updated information

Assignments are made in accordance with the needs of the school system and are subject to change  Any person signing a contract with the Red Clay Consolidated School District accepts these conditions

I certify that statements and answers given herein are true and complete to the best of my knowledge. I authorize investigation of all statements contained in this application as may be necessary in arriving at an employment decision  I agree to release the Red Clay Consolidated School District from any  legal liability in obtaining  verification of any information furnished related to my employment.

In the event of employment, I understand that false or misleading information given in my application or interview(s) may result in discharge  I understand also that I am required to abide by all rules and regulations of the employer

_Richard Wilson_
Signature of Applicant                                                  7/5/01
                                                                        Date

Return Application to:        **RED CLAY CONSOLIDATED SCHOOL DISTRICT**
                              **HUMAN RESOURCES**
                              2916 Duncan Road
                              Wilmington, Delaware  19808
C00006                        (302) 683-6662

The Red Clay Consolidated School District does not discriminate on the basis of race, color, national origin, religion, sex, age, or disability in its programs, activities or employment practices as required by Title VI, Title IX and Section 504. The district coordinator of compliance is: Administrator of Human Resources Development RCCSD, 2916 Duncan Road, Wilmington, DE  19808 (302) 683-6662.

A11

# Richard T. Wilcoxon
723 Colgate Lane
Newark, DE 19711
(302) 266-9717
wilcoxons@yahoo.com

March 8, 2002

Ms. Debra Davenport
Director of Human Resources
Red Clay Consolidated School District
2916 Duncan Road
Wilmington, DE 19808

Dear Ms Davenport:

I am writing to update my application packet submitted to your district last summer  As I have relocated, please update my address and telephone number.  I have also enclosed an updated resume for your files.

Please keep my application active throughout the 2002-2003 hiring season.  I am interested in any Health and/or Physical Education positions that become available in your district as you prepare for the 2002-2003 school year  Thank you for your consideration and I look forward to hearing from you.

Sincerely,

Richard T. Wilcoxon

C00128

# RICHARD WILCOXON

723 Colgate Lane
Newark, DE 19711
(302) 266-9717

| | |
|---|---|
| **Objective:** | To obtain a Health or Physical Education position where I can combine my education and experience with my enthusiasm and creativity. |

**Education:**

**Bachelor of Science in Health and Physical Education**
University of Delaware, January 1998.        Major GPA: 3 6

**Bachelor of Science in Agricultural Science**
University of Delaware, December 1995.        Major: Agricultural Business Management

**Certification:** State of Delaware, Health and Physical Education - Comprehensive K-12.
Commonwealth of Virginia, Health and Physical Education - Comprehensive K-12.
International Association of Approved Basketball Officials, Board 129, K-12

**Experiences:** **Lake Forest School District, Felton, Delaware**
*Health and Physical Education Teacher, Lake Forest High School – August 2001 to present.*
Duties include educating high school students in a comprehensive health education and physical education programs, aligning the curriculums to state standards, planning and implementing lessons, evaluating student performances and providing constructive feedback, supervising and disciplining students, communicating with students and parents, and rewriting and aligning a new physical education curriculum with the state standards

**Lake Forest School District, Felton, Delaware**
*Health Education Teacher, W.T. Chipman Middle School - August 1999 to August 2001.*
Duties included educating sixth, seventh, and eighth grade students in comprehensive health education program; planning and implementing lessons, evaluating student performance and providing feedback, supervising and disciplining, evaluating lessons and tests, communicating with students and parents, and performing other duties such as bus duty, breakfast and lunch duty, and chaperoning dances and field trips.

**York County Parks And Recreation, Yorktown, Virginia**
*Youth Counselor, Summer Fun Program - Summers 1998 and 1999*
Duties included planning, organizing, and teaching art and physical activities for kindergarten through seventh grade students; supervising and constant monitoring of youth, chaperoning field trips.

**Substitute Teacher**
*York County Public Schools, Virginia - September 1998 to June 1999.*
*St. Marks High School, Newark, Delaware - December 1997 to February 1998*
Duties included planning and implementing lessons, educating students in physical education and other areas, evaluating skills and providing feedback, supervising and disciplining students, evaluating lessons, implementing and supervising of senior leaders.

**Avalon, Williamsburg, Virginia**
*In-School, Youth Based Coordinator - February 1999 to June 1999.*
Duties included small group and one-on-one counseling of at-risk youth; planning and preparing relevant and educational lessons; educating students on anger management, conflict resolution and related areas; supervising and disciplining of students; organizing, planning, and preparing large group presentations on dating violence, sexual assault/harassment, and other areas as requested.

C00129

A13

**Richard Wilcoxon**
Page 2

**YMCA of Delaware, Western Branch, Newark, Delaware**
*Physical Educator – October 1995 to October 1997*
Duties included planning, organizing, and coordinating a variety of youth sports activities; teaching, refereeing, constant monitoring of youth; supervising and training of volunteers and employees, and public relations.

**Relevant
Courses:**

**Student Teaching**
*St. Mark's High School – October 20, 1997 to December 12, 1997.*
Requirements included participating in professional and faculty activities, observing, assisting, planning, and teaching and assessing physical education and comprehensive health classes

*May B Leasure Elementary School – August 26, 1997 to October 17, 1997.*
Requirements included participating in professional and faculty activities, observing, assisting, planning, and teaching age appropriate physical education for first through fourth grade classes

**Method Courses**
*Glasgow High School – February 1997 to March 1997.*
Requirements included observing, assisting, planning, and teaching physical education classes.

*Cecil Manor Elementary School – April 1997 to May 1997*
Requirements included planning, preparing, and teaching age appropriate physical education lessons for kindergarten to fourth grade classes.

*Christiana High School – April 1997.*
Requirements included planning, preparing, teaching, and assessing five comprehensive health lessons for a sophomore class.

*Holy Angels Elementary School – May 1997.*
Requirements included planning, preparing, and teaching five comprehensive health lessons for an eighth grade class

**Additional
Training:**

*National Professional Development Series, University of Minnesota – June 1999.*
Youth Conflict Skills – A conference and training on conflict resolution and youth violence prevention.

*Project Alert, University of Delaware – October 1999*
Drug and Alcohol Prevention – A training session on new ways to educate students on how to resist and the dangers of drugs and alcohol.

**Activities:**

Advisor, Lake Forest High School Chess Club (January 2002 to present).
Advisor, W.T. Chipman Chess Club (January 2001 to June 2001).
Assistant Coach, W.T. Chipman Football Team (September 2000 to present)
Member, National Education Association (August 1999 to present)
Member, Delaware State Education Association (August 1999 to present).
Member, Lake Forest Education Association (August 1999 to present).
Member, Greater Dover Jaycees (November 1999 to present)
Coordinator, W.T. Chipman Intramural Basketball (September 1999 to December 1999).
Volunteer, York County 4-H (March 1998 to August 1999)

**Honors:**

"Tomorrow's Leaders Today" Honoree, 1997.
"Who's Who in Colleges and Universities" Honoree, 1994.

C00130

A14

# Individual Improvement Plan

**Name:** Richard Wilcoxon

**Directions:**    This individual improvement plan shall be developed when an individual's performance in any category(s) has been appraised as Needs Improvement or Unsatisfactory or if a lesson/job analysis is identified with the statement "Performance is Unsatisfactory." Selected category(s) of improvement shall be checked below. Areas of growth shall address, but not be developed by the teacher/specialist and appraiser. If the plan cannot be cooperatively developed the appraiser shall have the authority and responsibility to determine the plan. The teacher/specialist shall be held accountable for the implementation of the individual improvement plan.

## Category of Improvement:
I.      **Instructional Planning** (✓)
II.     **Organization and Management** (✓)
III.    **Instructional Strategies** (✓)
IV.     Teacher/Student Interaction
V.      Evaluation of Student Performance
VI.     **Related Responsibilities** (✓)

I.      **Recommended Areas for Growth:**
   a.   Instructional Planning
   b.   Organization and Management
   c.   Instructional Strategies
   d.   Related Responsibilities

II.     **Activities**

   a.   Mr. Wilcoxon will incorporate strategies to address the multiple learning styles: Mastery, Interpersonal, Understanding, and Self – Expressive. Students will work cooperatively. Students will utilize graphic organizers and other visual enhancements. Assessments will incorporate features that address multiple learning styles. These changes will be reflected in his plan book. (Instructional Planning and Instructional Strategies)

   b.   A word wall will be located on the front or side wall of the room where it can be clearly seen by all students while seated at their assigned desks Examples of exemplary student work will be displayed on a regular basis in the classroom. (Organization and Management)

   c.   It is strongly suggested that Mr. Wilcoxon dress in a professional manner each day. Mr. Wilcoxon teaches one Physical Education class during 7th period. There is no need for Mr. Wilcoxon to wear his gym attire during the first six periods of the day while teaching his Health classes. Mr. Wilcoxon has adequate time during his 6th period planning time to change

A15

from his classroom appropriate professional attire into clothing that is appropriate for his class in the gymnasium. (Related Responsibilities)

   d. Mr. Wilcoxon will make a one-time request that the custodian for his room clean the desktops of all graffiti. Following the initial cleaning it will be Mr. Wilcoxon's responsibility to assure that students do not deface school property. Mr. Wilcoxon will maintain the desks as necessary. (Related Responsibilities)

**III.    Resources**
   a. Mr. Ivory will be available to mentor Mr. Wilcoxon as needed. This will include, but not be limited to, discussions related to classroom instruction, instructional planning, and organization and management of the classroom.
   b. Mr. Ivory and Mrs. Wyatt will each undertake an unannounced observation by May 10, 2002.
   c. Mr. Wilcoxon is required to complete two classroom observations outside of his department between March 27, 2002 and May 10, 2002, and provide reflection to Mr. Ivory by May 10, 2002.

**IV.    Timelines**
   a. March 27, 2002 - Beginning the Plan.
   b. On Wednesday, April 11, 2002 and Wednesday, May 1, 2002 at 1:00pm Mr. Ivory and Mr. Wilcoxon will meet and discuss how the plan is working and make further recommendations.
   c. Improvement Plan will be evaluated on May 10, 2002.

                                   *May 27, 2002*

**V.    Assessment**
   a. Observation feedback
   b. Meetings

Teacher's Signature: _Richard Wilcoxon_     Date: **3/27/02**

Appraiser's Signature: _____     Date: **3/27/02**

*Signature does indicate agreement but notation.*    5/27/02

SENDER: COMPLETE THIS SECTION

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MR RICHARD WILCOXSON
723 COLGATE LANE
NEWARK DE 19711

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)    B. Date of Delivery
Signe C. Wilcoxn    5/13/02

C. Signature
X Signe C Wil    ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

FAX: (302) 284-5832

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

Article Number (Copy from service label)
7 001 1940 0006 7963 5040

S Form 3811, July 1999      Domestic Return Receipt      102595-99-M-1789

MAIL
CEIPT REQUESTED

---

Mr. Richard Wilcoxon
723 Colgate Lane
Newark, DE 19711

Dear Mr. Wilcoxon:

   This letter is to notify you that the Lake Forest Board of Education intends to terminate your services as a teacher at the end of the 2001/02 school year pursuant to Chapter 14 of Title 14 of the Delaware Code. Your name will not be placed on the recall list.

   If you successfully meet the requirements of your current IIP and have the recommendation of your building principal by June 3rd, 2002, you will be rehired for the 2002-03 school year.

   On behalf of the Board, I wish to thank you for your service to the Lake Forest School District.

Sincerely,

William R. Garey

William R. Garey
Personnel Director

Enclosure: Delaware Code, Title 14, Chapter 14

pc::   Dr. Richard A. Seyler, Superintendent
       Mr. Dean Ivory, Principal, Lake Forest High School
       Personnel File

Lake Forest School District does not discriminate in employment or in educational programs, services or activities based on race, color, national origin, gender, age, or disability in accordance with state and federal laws. Inquiries should be directed to the Director of Personnel at the Lake Forest Central Business Office, 5423 Killens Pond Road, Felton, DE 19943-9801. Telephone: (302) 284-3020.

A17

# Delaware State Education Association

DSEA Headquarters
136 East Water Street
Dover, DE 19901
302 • 734 • 5834
866 • 734 • 5834
302 • 674 • 8499 FAX

**Via Registered Mail**

DSEA Branch Office
1102 First State Blvd.
Wilmington, DE 19804
302 • 995 • 6091
302 • 995 • 6093 FAX

May 16, 2002

Mr. William R. Garey
Personnel Director
Lake Forest School District
Central Business Office
5423 Killens Pond Road
Felton, DE 19943-9801

RE:    Richard Wilcoxon

World Wide Web Page
www.dsea.org

Dear Mr. Garey:

Please accept this letter as the response of Mr. Richard Wilcoxon to your correspondence dated May 9, 2002, and received by Mr. Wilcoxon on May 13, 2002. Mr. Wilcoxon has requested that I represent him in this matter and accordingly I request that all future correspondence regarding his proposed termination be addressed to me.

Pursuant to 14 Del. C. § 1410(b), I hereby request on Mr. Wilcoxon's behalf that the Lake Forest School District Board of Education ("Board") provide the reasons for his proposed termination at the conclusion of the 2001-02 school year.

Mary Ann Pry
*President*

Barbara J. Grogg
*Vice President*

Please do not hesitate to contact me if you have any questions or comments regarding this matter. Thank you for your time and cooperation.

Respectfully,

Geraldine A. Williams
*Treasurer*

Sarah E. Ross
*NEA Director*

Jeffrey M. Taschner
General Counsel

Howard M. Weinberg
*Executive Director*

cc:    Richard Wilcoxon
       Vicky Boyd, UniServ Director

printed on recycled paper

A18

# Lake Forest School District

Central Business Office
5423 Killens Pond Road
Felton, DE 19943-9801 • (302) 284-3020                    FAX: (302) 284-5832



*Learning Focused on Student Diversity*

William R. Garey
Director of Personnel

June 7, 2002

Mr. Richard Wilcoxon
723 Colgate Lane
Newark, DE 19711

Dear Mr. Wilcoxon:

This letter is the official follow-up to my letter to you dated May 22, 2002 which outlined your employment status with Lake Forest School District for 2002-2003 school year.

As recommended by your principal, Mr. Dean Ivory, you are rehired for 2002-03. Please see Mr. Ivory for details regarding your IIP and your Performance Appraisal for 2001-2002.

Sincerely,

William R. Garey

William R. Garey
Director of Personnel

kcw
C:    Dr. Richard A. Seyler
      Dean J. Ivory
      Karen P. Crouse
      Personnel File ✓

Lake Forest School District does not discriminate in employment or in educational programs, services or activities based on race, color, national origin, gender, age, or disability in accordance with state and federal laws. Inquiries should be directed to the Director of Personnel at the Lake Forest Central Business Office, 5423 Killens Pond Road, Felton, DE 19943-9801  Telephone: (302) 284-3020.

A19

# A G R E E M E N T

## BETWEEN THE

## RED CLAY CONSOLIDATED SCHOOL DISTRICT BOARD OF EDUCATION

## AND THE

## RED CLAY EDUCATION ASSOCIATION AFFILIATE OF NCCEA-DSEA-NEA, INCORPORATED

## September 1, 2002 through August 31, 2005

C00037

## ARTICLE 2
## NEGOTIATION OF AGREEMENT

2:1    This Agreement will be for a period as specified in the Duration of Agreement Article; and negotiations concerned with the terms of this Agreement will not be reopened during that time except by mutual written agreement of the parties.

2:2    Neither party in any negotiations will have any control over the selection of the negotiating representatives of the other party.

2:3    The parties mutually pledge that their representatives will be clothed with all necessary power and authority to make proposals, consider proposals, and make counter-proposals in the course of negotiations. However, the Board negotiating team will not have the authority to bind the Board, and all agreements will be subject to final approval of the Board of Education.

2:4    This Agreement incorporates the entire understanding of the parties on all matters which were or could have been the subject of negotiation. During the term of the Agreement, neither party will be required to negotiate with respect to any such matter whether or not covered by this Agreement and whether or not within the knowledge or contemplation of either or both of the parties at the time they negotiated or executed this Agreement.

2:5    This Agreement will not be modified in whole or in part by the parties except by an instrument in writing duly executed by both parties.

2:6    The parties agree to enter into negotiations over a successor Agreement pursuant to and consistent with Chapter 40, Title 14, Delaware Code. Such negotiations will begin no later than six (6) months prior to the expiration of this Agreement.

2:7    Any agreement so negotiated will be reduced to writing, be submitted for ratification by the Association and approval by the Board, and be signed by the President of the Association, the Chairperson of the Professional Negotiations Committee of the Association, the President of the Board, and the Executive Secretary of the Board.

## ARTICLE 3
## GRIEVANCE PROCEDURE

3:1    <u>Definition</u>

3:1.1    A grievance will be defined as a written claim by an employee that the terms of this Agreement, official written policy of the Board of Education, or written administrative rules and regulations relating to salaries, employee benefits, and/or working conditions have been violated, misinterpreted, or misapplied resulting in the abridgment of rights granted to the employee by such documents. A grievance may also be defined as a written claim by the Association that the terms of this Agreement, official written policy of the Board of Education, or written administrative rules and regulations relating to salaries, employee benefits, and/or working conditions have been violated, misinterpreted, or misapplied resulting in the abridgment of rights granted to the Association by such documents.

3:1.2    A grievant is the employee, employees, or Association that files a grievance as provided for under this Agreement.

2

3:1.3    A class grievance is a grievance filed by the Association which asserts an effect on a group or class of employees.

3:1.4    Days as used in this Article refer to employee work days; however, when a grievance is submitted between May 1 and September 1, days will refer to calendar days.

3:2    Purpose - The purpose of this procedure is to provide an alternative to existing means of resolving concerns over matters specified in this Agreement which affect employees of the District. Both parties agree that these proceedings, if utilized, will be kept confidential, except that the Board will provide the Association with copies of all grievances and written decisions at each level.

3:3    Timeliness

3:3.1    No grievance may be changed after its formal presentation; however, the grievance may be amended with respect to cited provision following the decision rendered at Level One of the grievance procedure and will be considered timely filed if resubmitted at Level One within ten (10) days of the initial response.

3:3.2    All grievances should be processed as rapidly as possible; the number of days indicated at each level will be considered a maximum, and every effort will be made at each level to expedite the process. The time limit specified may, however, be extended by mutual written agreement.

3:3.3    Failure at any level of this procedure to communicate the decision on a grievance within the specified time limits will constitute authority for the grievant to proceed to the next level. Failure at any level of this procedure to appeal a grievance to the next level within the specified time limits will be deemed to be acceptance of the decision rendered at that level.

3:3.4    If a grievance is a class grievance or concerns rights of the Association, the grievance will commence at a level appropriate to the occasion giving rise to the grievance.

3:4    Line of Grievance

3:4.1    The line of grievance which an employee will follow in processing a written grievance is:

(a)    Building principal or immediate supervisor

(b)    Director of Human Resources or designee

(c)    Superintendent or designee

(d)    Arbitration - Advisory

3:5    Specific Procedure

3:5.1    The grievant is encouraged to meet with the principal or his/her immediate supervisor or applicable District office personnel with the objective of resolving the matter informally.

C00043

3

A22

3:5.2    Level One - The grievant will set forth his/her grievance in writing as provided in Section 3:4 within fifteen (15) days from the date the employee was aggrieved. Within ten (10) days of receipt of the written grievance, the principal or other immediate supervisor will communicate in writing to the grievant his/her decision and the reason for the decision.

3:5.3    Level Two - The grievant, not later than five (5) days after being notified that the decision has been rendered may appeal the decision to the Director of Human Resources or designee. The basis for the employee's continued dissatisfaction will be delineated. The Director of Human Resources or designee may hold an informal grievance hearing within ten (10) days after receiving the grievance. A decision in writing will be rendered to the grievant within five (5) days of the hearing.

3:5.4    Level Three - If the grievant is not satisfied with the disposition of the grievance at Level Two, he/she may, within five (5) days after being notified that the decision has been rendered, appeal the decision to the Superintendent or designee.

The basis for the employee's continued dissatisfaction will be delineated. The Superintendent or designee will hold an informal grievance hearing within ten (10) days after receiving the grievance. The Superintendent or designee will communicate the decision in writing to the grievant within five (5) days after the date of the hearing.

3:6    Level Four - Submission to Arbitration - Advisory - The decision of the Superintendent or designee will finally determine the matter unless the Association within ten (10) days of the Superintendent's decision submits a demand for arbitration to the American Arbitration Association. The request will state in reasonable detail the nature of the dispute and the remedy requested. The parties will then be bound by the rules and procedures of the American Arbitration Association in the selection of an arbitrator. The Association will represent the grievant at the arbitration level.

3:7    Redirecting Principles

No claim by an employee or the Association will constitute an arbitrable matter or be processed through arbitration if it pertains to:

(a)    A matter where a specific method of remedy or appeal is prescribed by law; (e.g., the Fair Dismissal Act) and/or by this Agreement.

(b)    Any rule or regulation of the State Department of Education.

(c)    Any matter which according to law is either beyond the scope of Board authority or which is illegal for the Board to delegate.

(d)    Dismissal or discharge of an employee or nonrenewal of an employee's contract.

Items (a) through (d) above, although not arbitrable, will be appealable through the grievance procedure to the Board within fifteen (15) days of the Superintendent's decision which will at its option hold a hearing concerning the matter or determine the matter on the basis of the written records. The Board will render its decision within thirty (30) days of the date of the filing of the appeal to the Board.

C00044

A23

3:8     Arbitrability

3:8.1   If the Superintendent or designee disagrees as to the arbitrability of the dispute, the Superintendent may request a conference to discuss the issue of arbitrability and seek to resolve the differences between the parties.

3:8.2   If the disagreement over arbitrability persists, the arbitrator appointed under the procedures set forth herein will rule upon the question of arbitrability prior to hearing the merits of the dispute in question. The same arbitrator will schedule a second meeting to hear the dispute on its merits if the dispute is judged to be arbitrable.

3:9     Procedure

3:9.1   The arbitrator selected will hold hearings promptly and will issue a recommendation not later than thirty (30) workdays from the date of the close of the hearings or, if oral hearings have been waived, then from the date the final statements and proofs on the issues are submitted. The arbitrator's recommendation will be in writing and will set forth the findings of fact, reasoning, and conclusions on the issues submitted. The arbitrator will be without power or authority to make any recommendation which requires the commission of an act prohibited by law or which violates this Agreement and will confine the opinion to the particular issue submitted. The arbitrator's decision will be advisory and will be submitted to the Board and Association. The Board will accept or reject the arbitrator's decision and such decision will be the final resolution.

3:9.2   The arbitrator, in the written opinion, will not amend, modify, nullify, ignore, or add to the provisions of the Agreement. The opinion must be based solely and only upon his/her interpretation of the meaning or application of the express relevant language of the Agreement.

3:10    Cost of Arbitration

3:10.1  The cost for the services of the arbitrator, including per diem expenses, if any, and actual and necessary travel, subsistence expenses, and the cost of the hearing room will be borne equally by the Board and the Association. Any other expenses incurred will be paid by the party incurring same.

3:11    Miscellaneous

3:11.1  Commencing with Level One of the Grievance Procedure, the grievant may be represented by a representative selected or approved by the Association or his/her own choosing.

3:11.2  If the grievant does not choose to be accompanied and represented by an Association grievance representative, the Association will have the right to be present and to state its views at all levels of the grievance procedure. This will not apply when the grievance involves matters of personal, embarrassing, and confidential nature and the grievant specifically requests, in writing, that the Association not be present.

3:11.3  If the employee elects to be represented, he/she must still be present at any level of the grievance procedure where his/her grievance is to be discussed, except that he/she need not be present where it is mutually agreed that no facts are in dispute and when the sole question is the interpretation of this Agreement.

C00045

5

A24

3:11.4  Where grievance proceedings are mutually scheduled by the parties during school time, persons proper to be present will suffer no loss of pay. In the event that a dispute arises as to whether a person is proper to be present at the grievance, such dispute will be subject to resolution through the grievance procedure.

3:11.5  No documents, communications, and records which are developed in connection with the processing of a grievance will be filed in the District's file pertaining to the employee.

3:11.6  It is understood that employees will, during and notwithstanding the pendancy of any grievance, continue to observe all assignments and applicable rules and regulations of the District until such grievance and any effect thereof will have been fully determined.

3:11.7  A form for filing grievances will be prepared jointly by the Association and the Administration, reproduced by the Administration and distributed to the Association so as to facilitate operation of the grievance procedure. The appropriate form will be used for filing a grievance at each level of the procedure.

3:11.8  Hearings at any level of the grievance procedure may be waived by mutual agreement of the parties.

3:11.9  Level One grievance decisions accepted by individual employees which appear in conflict with this Agreement may be grieved by the Association beginning with Level Two.


## ARTICLE 4
## EMPLOYEE RIGHTS

4:1  Employees have the right to join any organization for their professional or economic improvement; but membership in or an obligation to pay any dues, fees, assessments or other charges to any specific organization will not be required as a condition of employment.

4:2  The parties will not discriminate against, interfere with, restrain or coerce employees in the right to organize or to join or to participate in lawful Association activities or to refrain from so doing.

4:3  Nothing contained herein will be construed to deny or restrict to any employee such rights as may be held under Delaware School Laws or other applicable laws.

4:4  Employee Appearance with Administration/Agent of Board

4:4.1  If an employee is required to appear before the Board or an agent thereof concerning a matter which could adversely affect his/her continued employment, salary or any increments, he/she will be given prior written notice and specific reasons for such meeting or interview at least forty-eight (48) hours in advance. Any topic not included in the letter will not be covered at said meeting unless agreed to by the employee; if not agreed, it will be discussed at a later date after proper notice has been given. The employee will also be notified in writing of any additional persons who will be present. An employee required to appear in this instance will be entitled to have an Association representative of his/her choice present to advise and to represent him/her during such meeting or interview. Informal discussion with an employee by any member of the administrative staff pertaining to the employee's performance at his/her work location

6

will not be precluded by the preceding language of this section; however, if as a result of such informal discussion, the employee perceives that the matter discussed could in the future adversely affect his/her continued employment, salary, or increments, the administrator will, upon written request, give the employee reasons in writing for the necessity of waiving the forty-eight (48) hours' written notice prescribed above. This section does not apply to terminations due to declining enrollments and/or to a reduction in education services.

4:4.2  Where an administrator asserts an immediate need to interview an employee regarding the facts of a school related situation, the 48-hour notice for such a meeting required in 4:4.1 shall not apply if the following conditions are observed.

(a)  The topic of the interview is limited to determining the pertinent facts of the situation.

(b)  That, if possible, prior to the interview, or where not, immediately thereafter, the administrator notifies the Superintendent or designee of the intent to conduct such an interview. The Superintendent or designee will notify the Association president as soon as possible, but within one (1) working day, of the administrator's intent.

(c)  The employee is extended the opportunity to bring an Association representative of his/her choosing if time permits. If that is not possible, the employee may be accompanied by an available bargaining unit member of his/her choosing.

4:5   Any suspension of an employee by the Board of Education pending the disposition of charges will be with full pay and benefits. Where an employee is suspended for disciplinary reasons and that suspension is not revoked through the grievance procedure, said employee upon exhausting the grievance procedure will have deducted from his/her paycheck an amount of pay equal to the number of days of said suspension.

4:6   No employee will be disciplined, reprimanded or reduced in pay except for just cause. Any such action will be conducted with due regard for privacy.

4:7   The teacher will have the responsibility for determining grades within the grading policy of the District. Only the principal or his/her superiors will have the right to change a grade and will (1) if an employee is available within a reasonable amount of time, consult with the teacher before making the change, (2) as soon as possible, inform the teacher in writing of his/her right to file a disclaimer of responsibility for the grade; and, (3) provide in writing a reason if requested for the grade change, one copy to be given to the teacher. Whenever any grade change appears, it will be initialed by the person making the change.

4:8   Students will not be transferred to or from an employee's classroom without appropriate notice. Information concerning a student transfer will be provided to the classroom teacher on a need-to-know basis.

4:9   When a parent desires a conference with an employee, the employee will schedule the conference at a mutually agreeable time. When the parent indicates a desire to attend such a conference with a community representative or with a legal representative, then

A26

the employee will so advise the building administrator who will then be responsible for scheduling and attending such a conference. With respect to such conferences, the employee will have the right to bring an Association representative or a representative of the employee's choice to the meeting.

When a parent brings a community representative or legal representative to a conference without prior notice to the employee, and in the event the building administrator feels a meeting is required at that time, the employee will be given at least a thirty (30) minute delay before the start of the conference if the employee requests an Association representative to be present.

If the Association representative is not present and the conduct or language of the parent and/or community representative becomes foul and/or abusive, the building administrator will terminate the conference at the employee's request.

## ARTICLE 5
### EMPLOYEE – ADMINISTRATION LIAISON

5:1    Building Liaison Committee

5:1.1    Association representatives will meet normally on a monthly basis with the building principal to review and to discuss school problems and practices, including the building budget. The Association representatives and the Administration will exchange agendas at least twenty-four (24) hours in advance of the normal monthly meeting.

5:1.2    This committee will consist of one (1) member for every twenty (20) (or major fraction thereof) employees in the building, but will have no fewer than two (2) members. The building administrator may invite other administrators and/or other staff members of his/her choice, depending upon the topic(s) to be discussed. Where the building principal is bringing a member of the district administrative staff to speak to the committee, the employees will have the right to have an Association representative present at such meeting.

5:2    District Liaison Committee

5:2.1    The Association President and an individual or individuals of his/her choice will meet with the Superintendent and an individual or individuals of his/her choice on a monthly basis in order to discuss the administration of this Agreement and other concerns which affect employees.

## ARTICLE 6
### NO STRIKE – LOCKOUT PROVISION

6:1    Both parties recognize the desirability of continuous and uninterrupted operation of the instructional program during the normal school year and the avoidance of disputes which threaten to interfere with such operation. Since the parties have established a comprehensive procedure under which unresolved disputes may be settled, the parties have removed the basic cause of work interruptions during the period of this Agreement.

C00048                                    8

A27