IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD WILCOXON,<br><br>Plaintiff,<br><br>v.<br><br>RED CLAY CONSOLIDATED<br>SCHOOL DISTRICT BOARD OF<br>EDUCATION, and JANAY FREEBERY,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   C.A. No.05-524 (SLR)<br>)<br>)   **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

Timothy J. Wilson, Esquire (DE #4323)
MARGOLIS EDELSTEIN
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
Attorneys for Plaintiff

Dated: August 9, 2006

## TABLE OF CONTENTS

                                                                   **Page No.**

TABLE OF CITATIONS ..................................................................................iv

NATURE AND STAGE OF THE PROCEEDINGS ............................................1

SUMMARY OF ARGUMENT ............................................................................2

STATEMENT OF MATERIAL FACTS.............................................................3

ARGUMENT.........................................................................................................4

I.       STANDARD OF REVIEW........................................................................4

II.      A VIOLATION OF THE TEACHER TERMINATION STATUTE,
         14 *Del. C.* § 1401 *et seq.*, IS NOT SUBJECT TO RESOLUTION
         THROUGH ARBITRATION..................................................................4

     A.   *Terminations Are Controlled By Statute, Not the Collective*
          *Bargaining Agreement*..........................................................................4

     B.   *Individualized Improvement Plans and a Teacher's Right to*
          *Have an Opportunity to Correct Performance-Based Issues*
          *Are Not Controlled by the Collective Bargaining Agreement*
          *And Are Only Controlled by Statute*....................................................4

CONCLUSION .....................................................................................................6

**Appendix**                                                                     **Tab**

Letter from Robert Andrzejewski, Ed.D...............................................................A

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff, Richard Wilcoxon is a former health and physical education teacher at Skyline Middle School in the Red Clay Consolidated School District. He was terminated by Defendant, Board of Education of the Red Clay Consolidated School District ("Red Clay") on May 18, 2004 following discipline imposed upon him in violation of 14 *Del. C.* § 1410 and for performance issues for which he was no placed on an Individualized Improvement Plan nor given an opportunity to correct any identified deficiencies. Mr. Wilcoxon filed a lawsuit against Red Clay on July 22, 2005 claiming wrongful termination and discrimination and retaliation based upon his gender.

Red Clay filed a Motion to Dismiss to Complaint. That Motion was denied on June 30, 2006. *Wilcoxon v. Red Clay Consolidated School District Board of Edu.*, 2006 U.S. Dist. LEXIS 45294 (D. Del. June 30, 2006).

On July 12, 2006 Red Clay filed an Opening Brief in Support of its Motion for Summary Judgment. Mr. Wilcoxon filed his Opening Brief in Support of his Motion for Partial Summary Judgment on July 13, 2006. Both parties filed their respective Answering Briefs on August 2, 2006. This is Mr. Wilcoxon's Reply Brief in Support of his Motion for Partial Summary Judgment.

## SUMMARY OF ARGUMENT

I.  **STANDARD OF REVIEW**

II. **A VIOLATION OF THE TEACHER TERMINATION STATUTE, 14 *Del. C.* § 1401 *et seq.*, IS NOT SUBJECT TO RESOLUTION THROUGH ARBITRATION**

   A.  *Teacher Terminations Are Controlled By Statute, Not the Collective Bargaining Agreement*

   B.  *Individualized Improvement Plans and a Teacher's Right to Have an Opportunity to Correct Performance-Based Issues Are Not Controlled by the Collective Bargaining Agreement And Are Only Controlled by Statute*

## STATEMENT OF MATERIAL FACTS

Mr. Wilcoxon relies on the Statement of Facts as set forth in his Opening Brief in Support of his Motion for Summary Judgment.

## ARGUMENT

**I.    STANDARD OF REVIEW**

Mr. Wilcoxon relies on the Standard of Review as set forth in his Opening Brief.

**II.   A VIOLATION OF THE TEACHER TERMINATION STATUTE, 14 *DEL. C.* § 1401 *et seq.*, IS NOT SUBJECT TO RESOLUTION THROUGH ARBITRATION**

  *A Teacher Terminations Are Controlled By Statute, Not the Collective Bargaining Agreement*

Throughout Red Clay's Answering Brief, it repeatedly uses the Collective Bargaining Agreement as a red herring to draw attention from that which is really at issue in this case: the violation of a *statute* in the termination of a teacher. Simply put, once a teacher is terminated, they are no longer subject to the collective bargaining agreement.

Once Red Clay terminated Mr. Wilcoxon, such termination took the matter out of the realm of arbitration because there is no duty of fair representation for teacher terminations. 14 *Del. C.* §4013. This is because a collective bargaining unit cannot negotiate terminations. That is exactly why there exists a Teacher Termination Statute.

Furthermore, the arbitration provided for in the Collective Bargaining Agreement is *advisory* arbitration, not *binding* arbitration. Therefore, following a teacher's termination, an advisory opinion by an arbitrator will not overturn the termination.

  *B. Individualized Improvement Plans and a Teacher's Right to Have an Opportunity to Correct Performance-Based Issues are Not Controlled by the Collective Bargaining Agreement and are Only Controlled by Statute*

Not surprisingly, Red Clay fails to address its failure to issue Mr. Wilcoxon an Individualized Improvement Plant ("IIP") and give him an opportunity to correct any observed performance deficiencies in its Answering Brief. Even if one were to assume that the disciplinary matters not properly placed in Mr. Wilcoxon's personnel file are

4

subject to arbitration under the collective bargaining agreement, the IIP and opportunity to correct performance issues are not subject to the Collective Bargaining Agreement *at all*. Therefore, such matters would *never* be subject to arbitration, either before or after termination.

The fact of the matter is, Mr. Wilcoxon was terminated for performance based issues and not based upon his inappropriate interactions with another staff member. (Memo re: Non-Renewal Hearing From Adrzejewski to Dunmon, Wilcoxon and Norton of July 28, 2004)(attached at Tab A). Dr. Andrzejewski found that there was "no conclusive evidence that anything untoward occurred between Mr. Wilcoxon and a staff member." (*Id.*). Therefore, the termination was based upon performance issue. (*Id.*).

However, Red Clay failed to adhere to the Teacher Termination Statute and issue Mr. Wilcoxon an IIP and give him an opportunity to and time to correct those performance issues. § 1410(b). Red Clay's violation of Mr. Wilcoxon's statutory rights on this issue demands that summary judgment be awarded on his wrongful termination claim.

## CONCLUSION

For the foregoing reasons, Plaintiff Richard Wilcoxon respectfully requests that this Honorable Court grant his Motion for Partial Summary Judgment.

                                                      **MARGOLIS EDELSTEIN**

                                                      Timothy J. Wilson, Esq. (4323)
                                                      1509 Gilpin Avenue
                                                      Wilmington, Delaware 19806
                                                      Telephone: (302) 777-4680
                                                      Facsimile: (302) 777-4682
                                                      twilson@margolisedelstein.com
                                                      *Attorney for Plaintiff*

DATED: August 9, 2006.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD WILCOXON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RED CLAY CONSOLIDATED )<br>SCHOOL DISTRICT BOARD OF )<br>EDUCATION, and JANAY FREEBERY, )<br>)<br>Defendants. )<br>) | C.A. No.05-524 (SLR)<br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

I, Timothy J. Wilson, Esq., hereby certify that on August 9, 2006, I electronically filed a true and correct copy of the foregoing *Plaintiff's Reply Brief in Support of Plaintiff's Motion for Partial Summary Judgment* with the Clerk of the Court using CM/ECF, which will send notification of such to the following counsel of record, and further that I caused a copy of same to be delivered to the following counsel of record:

Barry M. Willoughby, Esq.
Michael P. Stafford, Esq.
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

MARGOLIS EDELSTEIN

Timothy J. Wilson, Esq. (No. 4323)
1509 Gilpin Ave.
Wilmington, DE 19806
(302) 777-4680 – Telephone
(302) 777-4682 – Facsimile
twilson@margolisedelstein.com – Email
*Attorney for Plaintiff*

iii

# EXHIBIT A

Case 1:05-cv-00524-SLR    Document 62    Filed 08/09/2006    Page 10 of 11




Non-Renewal Hearing
July 28, 2004

**ED CLAY CONSOLIDATED SCHOOL DISTRICT**

Robert J. Andrzejewski, Ed.D.
*Superintendent*

**Administrative Offices**
2916 Duncan Road
Wilmington, DE 19808

(302) 683-6604
Fax (302) 636-8774

Present:    Robert J. Andrzejewski, Ed.D.
Diane L. Dunmon
Richard Wilcoxon
Rudy Norton

Mr. Wilcoxon and his representative indicated that for more than $1\frac{1}{2}$ years there were no problems with regard to observations and then suddenly, there were issues. The point was made that it was not reasonable for Mr. Wilcoxon to go from effective to ineffective in such a short period of time. Although he was accused of inappropriate interactions with another staff member, there is no <u>conclusive</u> evidence that anything untoward occurred between Mr. Wilcoxon and a staff member. The concern that lesson plans for Health were not up-to-date should not be an issue since both Physical Education and Health teachers use the same plans received from Frank Rumford.

Mr. Wilcoxon indicated that he had team-taught health since he began teaching at Skyline Middle School two years ago. His observations, during this time, were done in this type of setting until approximately mid-school year of 2003-2004. At that time, he was no longer team-teaching and was required to teach health independently to his own students. It is not unreasonable to believe that classroom management skills would be different when only one teacher is present rather than two. With Mr. Wilcoxon solely responsible for managing the classroom, the dynamics during a lesson can change dramatically. Mr. Wilcoxon has responsibility to prepare lessons for his students that are appropriate and up-to-date. In this situation the evaluation is based upon Mr. Wilcoxon's performance and Mr. Wilcoxon's performance alone. Besides lesson analysis Mr. Wilcoxon was also given memoranda from the building administration indicating concerns and expectations. Based upon this information, the decision to non-renew his contract is upheld.

*Robert J. Andrzejewski* (signature)

Margolis Edelstein
Wilcoxon v. Red Clay
0322

The Red Clay Consolidated School District does not discriminate on the basis of race, color, national origin, religion, sex, age, or disability in its programs, activities or employment practices as required by Title VI, Title IX and Section 504. The district coordinator of compliance is: Administrator of Human Resources Development, RCCSD, 2916 Duncan Road, Wilmington, DE 19808 (302) 683-6662.